*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 5, 2017

**BY ECF**
The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States</u> v. <u>Darcy Wedd, et al.</u>,
            15 Cr. 616 (KBF)

Dear Judge Forrest:

      We write in response to the draft jury questionnaire proposed by the Court and in response to the joint defense proposal for alterations to that questionnaire. In response to proposed Questions 13-15, the Government requests that the following be added after each question: "If you answered YES, (1) please briefly explain the nature of that experience, and (2) would anything about that experience affect your ability to fairly evaluate the evidence regarding whether or not the Government has proven the guilt of the defendants beyond a reasonable doubt?" Adding this follow-up line of inquiry will more closely mirror the live *voir dire* process and will lead to a more balanced jury in which only those jurors who anticipate their prior experiences actually affecting their ability to serve as jurors are stricken for cause.

      As to the defense proposals, the Government has no objection to the suggestion that the Court add a more fulsome inquiry into the nature of the prospective jurors' employment and whether it is likely to interfere with a trial of the anticipated four-week duration. The Government also has no objection to the defense reservation of rights to suggest amendments to the jury questionnaire based on the newly-added aggravated identity theft charges.

      However, the Government objects to the defense's proposed alterations to Questions 13 and 14. These proposed alterations unnecessarily broaden the questionnaire from fraudulent billing on cellphone bills, which is the topic of this case, to fraudulent billing on credit card bills and to deceptive marketing of any type. Such an unnecessary broadening will encompass many irrelevant types of fraudulent conduct and many categories of bills that jurors receive on a regular basis, and runs the risk of creating a biased jury pool by needlessly striking for cause

many jurors who are unlikely to have any concerning prior experiences.  Accordingly, the Government requests that these proposed alterations not be made.

        Respectfully submitted,

        JOON H. KIM
        Acting United States Attorney

By:   /s/   Jennifer L. Beidel
      Sarah E. Paul/Richard Cooper/
      Jennifer L. Beidel
      Assistant United States Attorneys
      (212) 637-2326/1027/2212

cc:    All defense counsel (by ECF)