

**15-cr-616 Voir Dire**

Forrest NYSD Chambers   to:   Beidel, Jennifer (USANYS),
mnurik@bgrfirm.com,
msercarz@sercarzandriopelle.com

08/14/2017 07:41 AM

Sent by: Stephen Petkis
Cc:       Forrest NYSD Chambers

From:     Forrest NYSD Chambers/NYSD/02/USCOURTS

To:       "Beidel, Jennifer (USANYS)" <Jennifer.Beidel@usdoj.gov>, "mnurik@bgrfirm.com"
          <mnurik@bgrfirm.com>, "msercarz@sercarzandriopelle.com"
          <msercarz@sercarzandriopelle.com>, "rcaliendo@sercarzan...

Cc:       Forrest NYSD Chambers/NYSD/02/USCOURTS@USCOURTS

Counsel,

Enclosed please find the voir dire for today's proceedings.



15cr616 - Voir Dire (08.14.2017).pdf

┌─────────────────────────────────────┐
│ **USDC SDNY**                        │
│ **DOCUMENT**                         │
│ **ELECTRONICALLY FILED**             │
│ DOC #:_____                 │
│ DATE FILED: _August 14, 2017_        │
└─────────────────────────────────────┘



**Chambers of Hon. Katherine B. Forrest**
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007
Email: forrestnysdchambers@nysd.uscourts.gov
Office: 212-805-0276

*Ordered*
*Post to docket.*
*KBS.Foe*
*usDs*
*8/14/17*

*****PLEASE CONSIDER THE ENVIRONMENT BEFORE PRINTING THIS E-MAIL*****

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                 :

UNITED STATES OF AMERICA           :

                                                 :          S 3 15-cr-616 (KBF)

                                                 :

        - v. -                               :

                                                 :

                                                 :

DARCY WEDD, and                       :
FRASER THOMPSON.               :
                         Defendants.         :
------------------------------------------------------------------------X

**<u>VOIR DIRE</u>**

## INTRODUCTION

Good morning ladies and gentleman.  I am Judge Forrest.  We are here to select a jury to try a criminal case.  The trial in this matter is expected to take 4 weeks.  We are going to select 15 jurors, 12 for the main panel and 3 alternates.

## INSTRUCTIONS

Let me describe how we're going to proceed.  In a moment, I will call 15 of you to come sit in the jury box.  I will soon be asking those prospective jurors a number of questions.  You have been given a pencil and can note on the back of your questionnaire any answers you need to make me aware of should you be called to the jury box.  If at any time those of you in the back of the room, or anyone in the jury box, cannot hear me, please raise your hand.

All of you need to listen closely to those questions.  If any of these jurors is excused, a substitute will be called from the back of the room, and I will ask that person — without repeating all of the prior questions — whether any of the questions asked pertains to him or her.

Therefore, it is important that all of you listen carefully to the questions and keep in mind those questions which call for affirmative answers or other explanations on your part.  If you are called into the jury box, I won't repeat each question to you.  I will ask you "were there any questions to which you would have had a 'yes' answer"—and if you have made notes to yourself about any "yes"

answers it will make it easier for you to recall what you want to bring to my

attention.

## <u>PURPOSE</u>

The purpose of these questions is to enable us to select a jury that will be <u>fair</u> and <u>impartial</u> in this case.  My questions to you, and your answers to them, are in no sense evidence in the case, and you should not regard them, or any thoughts they may raise in your minds, as having any bearing on the case.  The questions are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties to make an informed choice of jurors for the case.

## <u>OATH</u>

Your oath obligates you to give fair and truthful answers to these questions.  It is your solemn duty to serve as a fair and impartial juror if you are able to do so, but it is equally your solemn duty <u>not</u> to serve if for any reason you cannot be fair and impartial.  Accordingly, you must disclose to this Court any fact or belief which might prevent you from serving as a fair and impartial juror here.

## DON'T POISON THE WELL

If there is a time when you need to speak here in court to answer a question that I pose, it is very important that you not say anything about the parties in this case or about any other matter that might tend to impair the open-mindedness and fairness of the other jurors.

If you have a "yes" answer, simply so indicate to the Court. I will then ask you questions to assess the issue. If there are further matters that should be disclosed, but that might tend to influence the other jurors, I will ask you to approach the bench to discuss them.

## CRIMINAL CASES GENERALLY

As I said earlier, this is a criminal case, which means that the defendants are punishable under the laws of the United States if the jury finds them guilty beyond a reasonable doubt of the crimes charged. In a criminal case, every defendant is presumed innocent until proven guilty. It is the Government's burden of proof to establish each defendant's guilt beyond a reasonable doubt before he can be convicted of any criminal charge. I will instruct the jury on what this burden of proof means after the evidence is presented.

The charges against the defendants are set forth in an Indictment. An Indictment is merely an accusation, a statement of what the Government intends to prove. It is not evidence against the defendants, and no inference may be drawn against him from its existence. Each of the defendants have pleaded "not guilty" to each of the charges in the Indictment. In other words, they have each denied the charges made by the Government. The accusations, and the denial by the defendants of those accusations, raise issues of fact that must be decided by a jury on the basis of evidence presented in court.

During this trial, you will have to consider each defendant individually and determine whether the Government has met its burden of proof with regard to him. The only evidence you may consider as bearing on a particular defendant's guilt is the evidence received in the trial, which will consist of the testimony of witnesses under oath and the exhibits that the Court receives into evidence. I have no knowledge of the facts of this case, and nothing that I say constitutes evidence.

7

However, I will briefly summarize the accusations of the indictment, so that you will understand the reasons for certain questions that will be put to you.

## SUMMARY OF THE CASE

This is a criminal case.  The defendants in this case—DARCY WEDD, and FRASER THOMPSON—have been charged with committing federal crimes. These charges are contained in an Indictment, which was voted by a Grand Jury.

**Count One** charges that defendant WEDD conspired, or agreed, with at least one other person to commit wire fraud through a scheme to defraud mobile phone customers by placing unauthorized charges for premium text messaging services on the consumers' cellular phone bills through a practice known as "auto-subscribing" through a digital content provider known as "Tatto, Inc."

**Count Two** charges that defendant WEDD committed wire fraud in connection with the auto-subscribing scheme referenced in Count One.

**Count Three** charges that defendant WEDD committed aggravated identity theft by using the telephone numbers of consumers without authorization as part of the auto-subscribing scheme referenced in Count One.

**Count Four** charges that defendant WEDD conspired, or agreed, with at least one other person to launder money.

**Count Five** charges that defendants WEDD and THOMPSON conspired, or agreed, with at least one other person to commit wire fraud through a scheme to defraud mobile phone customers by placing unauthorized charges for premium text messaging services on the consumers' cellular phone bills through a practice known as "auto-subscribing" through a digital content providers known as "CF Enterprises Pay Ltd." and "DigiMobi Pty Ltd."

9

**Count Six** charges that defendants WEDD and THOMPSON committed wire fraud in connection with the auto-subscribing scheme referenced in Count Five.

**Count Seven** charges that defendants WEDD and THOMPSON committed aggravated identity theft by using the telephone numbers of consumers without authorization as part of the auto-subscribing scheme referenced in Count Five.

**Count Eight** charges that defendants WEDD and THOMPSON conspired, or agreed, with at least one other person to launder money.


We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors. The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial. For this reason, I am going to ask you certain questions. They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

## **DURATION OF TRIAL**

It is expected that this trial will require 3 and possibly up to 4 weeks to complete, although one can never be precise as to how long a trial will take. Generally, trial will be held for four and a half days per week: Monday through Thursday from 9:30 a.m. until 5:00 p.m., and Friday from 9:30 a.m. until 1:00 p.m. The Court will not sit on **Friday, September 1, 2017** or **Monday, September 4, 2017**.   The right to a jury trial is an important constitutional right that does require the Court to call upon citizens such as yourselves to make some personal sacrifice.   Bearing in mind the importance of a trial by jury, <u>do any of you have reasons why you feel that jury service for such a period of time would pose a particularly severe burden or hardship</u> requiring that you be excused from consideration as jurors?

## <u>BIAS AGAINST THE CHARGES, THE DEFENDANTS, OR THE</u> <u>GOVERNMENT</u>

1. Do any of you have any personal knowledge, or knowledge from other sources, of the charges in the Indictment against these defendants?

2. Have any of you read or heard anything about this case?

3. Do any of you feel that you could not view fairly and impartially a case involving such charges or that the actions involved in such charges should not be a crime?

4. Has any juror ever been <u>accused</u> of any crime involving fraud?

   a. Has anyone's relative, close friend, or associate ever been accused of any crime involving fraud?

5. Do any of you have any bias for or against the U.S. Government, the United States Attorney's Office, or any federal or state law enforcement agency, or people who work in law enforcement?

## ABILITY TO SERVE

6. Do any of you have any problem with hearing or vision or any other problem which would prevent you from giving full attention to all of the evidence of this trial?

7. Do any of you take medication or have a medical condition that would make it difficult for you to give full attention to the evidence at this trial?

8. Do any of you have any difficulty understanding or reading English?

9. Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict in this criminal case?

10. Have any of you had any legal or paralegal training?

## <u>INTRODUCTION OF COUNSEL, WITNESSES, AND PLACES</u>

In a moment, I will ask counsel for each of the parties to introduce themselves and any associated counsel.  After they have completed these introductions, I will ask you if you are familiar with any of the persons mentioned by the attorneys.

11. **<u>Counsel for the Government</u>**, please introduce yourself and others at your table.

12. **<u>Counsel for defendants</u>**, please introduce yourself and others at your table.

13. Do any of you or your close friends or family members know counsel or any person at their table?  Have you or your close friends or family members had any dealings, direct or indirect, with counsel or any person at their table?

14. As I noted before, the defendants in this case are DARCY WEDD and FRASER THOMPSON **[Ask defendants to stand.]**  Do any of you feel any bias or prejudice against these defendants?

15. Do any of you know DARCY WEDD or FRASER THOMPSON, or has any juror, or any juror's friends, relatives, or associates had any dealings with him, directly or indirectly?

16. During the trial, you may hear from or about the following persons:

- Francis Assifuah, a/k/a Francis Assif
- Andrew Bachman
- Gloria Bermudez
- Michael Bermudez
- Jennifer Benavante
- Lee Brown
- Lucas Brown
- Melanie Camp
- Roger Chen
- Shawn Collopy
- Howard Dee
- Richard Doll
- Amy Dudman
- Sam Elaribi
- Jeff Emery
- Erdolo Eromo
- Roy Furman
- Anthony Giattino
- Christopher Goff
- Ryann Goff
- Alykhan Govani
- Michael Iacorino
- Wendy Jagger
- Makonen Kebede
- Amy Kono
- Jason Lee
- Jihye Lee
- Daphne Lewis
- Daniel Lewis
- Yongchao Liu, a/k/a Kevin Liu
- Daniel Machock
- Susan Marion
- Karen Matos
- Lin Miao
- Paul Mercandante
- Michael Migliero
- Jonathan Murad
- Special Agent John O'Neil
- Special Agent Quoc Tuan Nguyen
- Mark Oullette
- Chris Pacchus
- Michael Pajaczkowski

- Geraldine Palmers
- Ban Park
- Anna Patalano
- Michael Pearse
- Michael Profit
- Daryl Quan
- Randy Randelman
- Lisa Reed
- Tanya Richardson
- Johnny Santospirito
- Niranjan Schadevan
- Wilfried Schaffner
- Cliff Schneider
- Alan Sege
- Steve Taylor
- Jason Theofilos
- Eugeni Tsventnenko, a/k/a Zhenya
- Eduardo Vivas
- Rahul Vora
- Jennifer Waddell
- Kris Wetterings
- Vianney Willot
- Daniel Yi
- Kevin Yu
- Michael Yuan

17. Do any of you know any of the people I have just mentioned?  Have you or

your close friends or family members had any dealings, direct or indirect,

with any of those people?

18. During trial, you may hear about the following companies:

- 5 Tool Services LLC
- Advent Consulting
- Anacapa Media
- Banyak LLC
- Be Great Partners LLC
- Bear Communications
- Bleam Technology Ventures
- Bullroarer
- Bune Media LLC
- CelebrityGossip
- CF Enterprises
- Chairman Ventures LLC
- Concise Consulting
- DigiMobi
- Erdi Development
- Galatic Media LLC
- HasOffers
- Hexum LLC
- IQ-Quiz
- J3X Solutions LLC
- Kively LLC
- Kuli Media LLC
- MBlox
- MDK Media LLC
- MeetMyCrush
- Mindkontrol
- Mobile Messenger
- Mobile Messenger Products LLC
- Mojiva Media LLC
- MMJX Consulting
- MPIRE Media
- M-Qube
- Network One
- Ocean Tactics LLC
- Officially Intelligent LLC
- OpenMarket
- Phwoar LLC
- Quiz-Builder
- Scambook LLC
- Shaboom Media LLC
- Smarter Is Better LLC
- Tatto Media

- Tendenci Media LLC
- Virtus Media LLC
- WinBigBidLow
- Wuck LLC
- Wozo LLC

19. Do any of you know of the companies I have just mentioned?  Have you or your close friends or family members had any dealings, direct or indirect, with any of those companies?

## **DIRECT FAMILY REMINDER**

Let me inform you at this point that the questions I am about to ask also refer to your direct family members to the extent that you know that the questions apply to them.  For example, when I ask, as I will shortly, if you have ever been a victim of a crime, if you know that a direct family member, including a domestic partner, was a victim of a crime please so indicate.

## CASE-SPECIFIC QUESTIONS
## RELATIONSHIP WITH THE GOVERNMENT

20. Have any of you ever had any dealings with, or been employed by, the United States Attorney's Office or with any other federal, state or local law enforcement agency?

21. Does any juror have any relatives or close friends who work as or for a judge, prosecutor, criminal defense lawyer, or private investigator?

22. Does any juror have any bias, prejudice or other feelings for or against the United States Attorney's Office or any other law enforcement agency?

23. Do you have a close family member or a domestic partner who has worked in law enforcement, criminal justice, or a jail or prison?

## <u>PRIOR COURT INVOLVEMENT</u>

24. Are you employed by any court system as a judge, law clerk, court attendant, clerk or any other part of the court's personnel?

25. Have any of you ever served as a juror in a criminal or a civil case, or as a member of a grand jury, either in the federal or state courts?

    a. If it was a trial, without telling us what the verdict was, <u>was</u> a verdict reached, or was the jury discharged because it was unable to reach a verdict?  When and in what court did you serve and was it a civil or criminal case?

    b. Was there anything about that experience which would prevent you in any way from being fair and impartial in this case or from otherwise discharging your duties as a juror here?

26. Have you ever been charged with any crime, or been the subject of investigation or accusation by any governmental body?

27. Are you now under subpoena, or about to be, in any criminal case or investigation?

28. Do you have a case pending at this time in state court, federal court, tax court, or with any federal agency or appeal authority?

29. Have you ever sued, or been sued in a civil case, in a case involving fraud?

## <u>VICTIM OF A CRIME</u>

30. Have you, which includes your direct family and any domestic partner, ever

   been a victim of a crime?

## BIAS AGAINST LAW ENFORCEMENT AND LAW ENFORCEMENT

## TECHNIQUES

31. **[Law Enforcement Witnesses]** The witnesses in this case may include law enforcement personnel.  Would you be inclined to believe a witness either more or less solely by reason of the witness being a federal agent, or police or law enforcement officer?

32. **[Cooperating Witnesses]** You may hear testimony in this case from one or more cooperating witnesses — people who committed crimes, and who subsequently pled guilty to their criminal conduct pursuant to a cooperation agreement with the Government.  I advise you that the use of a cooperating witness is legal.  Do you have any general feeling about the Government's use of cooperating witnesses that would make it difficult for you to render a wholly fair and impartial verdict?  Would you have any bias for or against the Government because of evidence presented in this manner?

33. **[Persons Not on Trial]** You might hear evidence in this trial of criminal activity committed by people other than the defendants.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that these other people are not on trial here now.  You may also not speculate as to the reason why other persons are not on trial here.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

## ACCEPTANCE OF GENERAL PRINCIPLES

34. **[Function of Court]**  Under our system of law, the facts are for the jury to determine and the law is for the court.  These two areas are separate and distinct.  At the end of the case I will instruct you on the law.  You are required to accept the law as I explain it to you.  It will be your job to determine the facts under my explanation of the law.  Is there any juror who feels he or she is either unwilling or unable to apply the law as the court explains it to you?

35. **[Only Consider Evidence from Trial]**  The law provides that only the evidence produced here in court may be used by you to determine the guilt or innocence of the defendant.  Is there anyone who has difficulty accepting that law?

36. **[Presumption of Innocence]**  Under our system of laws, every defendant is presumed to be innocent and he cannot be found guilty unless a jury, having heard all of the evidence in the case, unanimously decides that the evidence proves his or her guilt beyond reasonable doubt.  Is there anyone who has a difficulty accepting that law?

37. **[Ability to Convict]**  It is not a pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that, even if the evidence established the defendant's guilt beyond a reasonable doubt, he or

she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

38.  **[Court Imposes Punishment]**  Will each juror accept the proposition of law that the question of punishment is for the Court alone to decide and that possible punishment must not enter into the deliberation of the jurors as to the guilt or innocence of the defendant?

39. **[Taking the Stand]**  The defendant is not required to call any witnesses or produce any evidence, or to take the stand.  If the defendant elects not to take the stand, you may draw no unfavorable inferences of any kind from the fact that they have not done so.  That may not enter into your decision.  Is there any juror who would be unable to accept and follow that instruction?

## **CATCH-ALL**

I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.

40. Apart from any prior question, is there any fact, circumstance, opinion, impression, attitude of mind, personal or other experience, or identification or membership with any group or organization which would prevent you, if you are accepted as a juror in the trial of this case, from listening to the evidence with an open mind and deciding every issue fairly and impartially, solely upon the evidence as heard from the witnesses and the Court's instructions as to the law?

## BIOGRAPHICAL SUMMARY

**Each juror to stand and speak to questions on the form.**

## CHALLENGES FOR CAUSE

1. If any juror is excused for cause, the person who replaces him should be asked:

   a. Did you hear and pay close attention to all the questions I have asked?

   b. Would you have answered yes to any of these questions?


## PEREMPTORY CHALLENGES FOR INITIAL PANEL (12)

- Six rounds.

- Ten challenges for the defense (Rule 24(b)(2)): two challenges in each of the first four rounds, and one challenge in rounds five and six.

- Six challenges for the Government (Rule 24(b)(2)): one challenge in each round.

- Use them or lose them.

- In summary:

  - Round 1:      2 for the defense      1 for the Government

  - Round 2:      2 for the defense      1 for the Government

  - Round 3:      2 for the defense      1 for the Government

  - Round 4:      2 for the defense      1 for the Government

  - Round 5:      1 for the defense      1 for the Government

  - Round 6:      1 for the defense      1 for the Government

## PEREMPTORY CHALLENGES FOR (3) ALTERNATES

- Two rounds.

- Total of two challenges (Rule 24(c)(4)(B)).

- In summary:

    o   Alternate Round 1:        1 for the defense      1 for the Government

    o   Alternate Round 2:        1 for the defense      1 for the Government

## AFTER JURY SELECTION IS COMPLETE

Ladies and Gentlemen, I am pleased to say we have completed jury selection.  My Courtroom Deputy will now read the names and juror numbers of each juror.

## AFTER JUROR NAMES HAVE BEEN READ

**Counsel**: Is the jury satisfactory to the Government? Is the jury satisfactory to the defendant?

Those of you who have not been selected are excused with the sincere thanks of the Court and of the parties, and you may return to the Jury Assembly Room.  My Courtroom Deputy, Joseph Pecorino, will give the jury cards back to the jurors who are excused.

I would like to ask all members of the jury to please rise.

Mr. Pecorino, would you swear in the jury, please.

## SWEAR IN JURORS

## REMARKS TO THE JURY AFTER VOIR DIRE

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in this trial.

## DECISION ON EVIDENCE

As I have told you previously, it is your function in this case to decide the issues of fact. Your decision on the issues of fact is to be based solely on evidence. Nothing I say is evidence; nothing either of the lawyers says is evidence. Questions by themselves are not evidence. Objections are not evidence. Testimony that has been excluded or which you are told to disregard is not evidence. The evidence consists of the sworn testimony of witnesses and of the exhibits which will be received in evidence for your consideration. Also, in some instances, there might be facts the lawyers agree to or facts which I will instruct you to find.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

## CREDIBILITY

How do you decide what to believe and what not to believe?  Listen to the witnesses, watch them and observe them.  Then decide whether you believe or disbelieve them the same way you decide such questions in your ordinary life.  Did they know what they were talking about?  Were they candid, honest, open and truthful?  Do they have a reason to falsify, exaggerate or distort their testimony?  Use your common sense and good judgment to evaluate their testimony, based on all the circumstances.

## BURDEN OF PROOF

At the conclusion of the trial I will tell you in detail what the Government must prove in order to convict the defendants.  For the moment I will just ask you to remember throughout the trial that the defendants are presumed innocent, and the Government has the burden of proving the guilt of the defendants beyond a reasonable doubt.  The indictment against the defendants is only an accusation and <u>not</u> proof of guilt or anything else.  The defendants therefore start out with a clean slate.

## BEYOND A REASONABLE DOUBT

This burden of proof beyond a reasonable doubt is different than the burden imposed on the plaintiff in a civil case; it is on the Government until the very end of the case.  I will tell you more when I instruct you at the conclusion of the trial concerning this burden.  For the moment, I will just say that this burden means that the defendants and their lawyers need not present any evidence in this case if they choose not to do so.  They could sit in silence throughout all of these proceedings without ever saying a word, but you could draw no inference against the defendants.  You cannot find the defendants guilty unless and until you are unanimously convinced beyond a reasonable doubt of their guilt based on the evidence in the case.

## OPEN MIND

It is very important that you keep an open mind throughout this case. Do not form any judgments until the evidence is concluded and the case is submitted to you.  Remember that the evidence comes in step by step.  First a witness testifies on direct examination.  When he or she has finished, the other side has the right to cross examine him or her.  First the Government presents its evidence, then the defendant has an opportunity to present evidence.  Remember that there may be two or more sides to any story.  You will not be in a position to form any judgment as to what you believe until you have heard all of the evidence in the case.

## **FRIENDS AND RELATIVES**

Please be sure that none of your friends or relatives are present in the courtroom without my knowledge.  It is particularly important that you do not hear from them what happened during those times the jury is not in the courtroom, and also that you do not discuss with them what happened when you were present.  If at any time you see a friend or relative come into the courtroom, you should be sure to send a note to me, through the clerk, at the first opportunity.

## **DISCUSSION AND RESEARCH**

DO NOT DISCUSS THE CASE among yourselves or with any other person.  Do not send emails, texts, or "tweets," or any other communication about the case to anyone, and do not post "status updates," blog, or otherwise communicate about the case.  You will discuss it among yourselves only after all of the evidence is in and the case is given to you to discuss and decide in the jury room. Until then, keep your impressions to yourselves.

A trial is governed by complex rules of evidence that have been developed over hundreds of years to assure that the jury only receives reliable, accurate information.  Moreover, in this particular case, the Court has already ruled on pre-trial requests from the parties to introduce, or exclude, certain evidence.  In order to ensure the fairness, quality, and reliability of the evidence at trial, it is important that you do not read or listen to anything about this case.  Avoid any

information about the case that might be found in newspapers, on the radio or

television, or on the Internet.  Do not allow anyone to speak to you about the case.

Do not do any research or investigation on your own about the case.  This means

that you must not "Google" or otherwise seek information about or any parties or

witnesses in the case.  While these rules may seem tough, I want to repeat that they

are necessary to ensure a fair trial.  From time to time I may ask each of you to

confirm that you are abiding by these rules.

      If you wish, you may take notes.  But if you do, leave them in the jury

room when you leave at night.  And remember that they are for your own personal

use – they are not to be given or read to anyone else.


## COMMENT ON MEETING LAWYERS

      Let me take a moment to explain to you that the attorneys and the

defendants are not supposed to talk to jurors outside of these formal proceedings in

the courtroom, even to offer a friendly greeting.  So, if you happen to see any of

them outside of this courtroom, they will, and should, ignore you.  Please do not

take offense.  They will only be acting properly by doing so.

## TRIAL PROCEDURE

A few more words about TRIAL PROCEDURE:

First the lawyers have the opportunity to make OPENING STATEMENTS to you.  These statements are not evidence.  They serve no purpose other than to give you an idea in advance of the evidence that the lawyers expect you to hear from the witnesses.  These statements permit the lawyers to tell you a little bit of what the case is all about, but the only evidence comes from the witnesses and the exhibits.

After any opening statements, you will hear the testimony of the WITNESSES.  Each witness will first give direct testimony; then he or she may be cross examined by the other side.  Sometimes there is redirect testimony and re-cross examination.

After all of the evidence has been received, the lawyers have an opportunity to make a CLOSING STATEMENT, also called "summing up".  They may review the evidence and make arguments to you as to what conclusions they think you should or should not draw from the evidence of each.  Remember that those summations, again, are not evidence, but only argument.

After the summations, I will INSTRUCT YOU on the law.  Following my instructions, you will go into the jury room, review all the evidence, review the exhibits which have been received in evidence and discuss the evidence among yourselves.  Based on that evidence and your discussions of it, you will determine your verdict.

\*\*\* Live Note

\*\*\* Drinks in the Courtroom

AFTER A RECESS, WE WILL HEAR THE OPENING

STATEMENTS.