## SERCARZ & RIOPELLE, LLP

810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019
(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

———

ROBERT CALIENDO
GIULIANA E. GRAHAM

*ADMITTED IN NY & NJ

August 21, 2017

**_BY ECF_**

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

### Re:   _U.S. v. Darcy Wedd, et. al., 15 CR 616 (KBF)_

Your Honor:

The government seeks to introduce certain portions of Wedd's testimony from the last trial, on its direct case at this trial. Specifically, the government intends[1] to introduce the following excerpts:

Tr. 3535 line 16 through Tr. 3541 line 22;
Tr. 3543 line 3 through Tr. 3545 line 16;
Tr. 3547 line 13 through Tr. 3548 line 21;

---

[1] Tr. 3616 line 6 through Tr. 3623 line 20, and Tr. 3535 line 16 through Tr. 3541 line 22, concern Wedd's conflicts of interest in establishing the executive content providers. Tr. 3637 line 10 through Tr. 3639 line 4, concerns Wedd's approval of executive content provider contracts. Tr. 3543 line 3 through Tr. 3545 line 16, Tr. 3547 line 13 through Tr. 3548 line 21, and Tr. 3665 line 4 through Tr. 3666 line 16, all relate to Wedd's supposed knowledge of Zhenya as a 'bad actor.' Because these admissions bolster 404(b) evidence, we reiterate our underling objections that such evidence should be precluded in the first instance. While some of these questions may have legitimately tested Wedd's credibility as a testifying witness at the last trial, that is not a proper basis to admit the testimony on the government's direct case at this trial.

1

Tr. 3610 line 2 through Tr. 3612 line 9;
Tr. 3613 line 17 through Tr. 3614 line 12;
Tr. 3615 line 4 through Tr. 3615 line 21;
Tr. 3616 line 6 through Tr. 3623 line 20;
Tr. 3634 line 10 through Tr. 3634 line 14;
Tr. 3637 line 10 through Tr. 3639 line 4;
Tr. 3665 line 4 through Tr. 3666 line 16.

## Rule of Completeness

The Rule of Completeness requires that additional portions of Wedd's prior testimony accompany the alleged admissions detailed above. "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time." F.R.E. § 106. "The rule of completeness provides that even though a statement may be hearsay, an omitted portion of the statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *U.S. v. Kopp*, 562 F.3d 141, 144 (2d. Cir. 2009) (internal quotations and citations omitted).

The government seeks to admit Tr. 3535 line 16 through Tr. 3541 line 22. This testimony relates to the formation of the executive group's content providers and Wedd's conflict of interest. We assert that this portion should also include Tr. 3541 line 23 through Tr. 3542 line 6 – a single question and answer about why Wedd proceeded with the executive content providers, "given the risk." *Id.* Because the first six pages of testimony highlight those risks – reasons why they should *not* have created the content providers – it is only fair to include why they did. Such balance is necessary "to ensure fair and impartial understanding of the admitted portion." Kopp, 562 F.3d at 144.

The government seeks to admit Tr. 3543 line 3 through Tr. 3545 line 16, and Tr. 3547 line 13 through Tr. 3548 line 21. This testimony relates to Wedd's supposed knowledge of Zhenya as a 'bad actor,' suggesting that Wedd should have kept Zhenya off the aggregation platform. We assert that this portion should also include Tr. 3545 line 17 through Tr. 3546 line 22, which sheds light on the "discussions over the entire time that [Zhenya] was a full-service client in the U.S. about him returning to aggregation." *Id.* Again, the testimony sought to be included by the defense is part-and-parcel of what surrounds it.

Indeed, the Rule of Completeness prevents "the misleading impression created by taking matters out of context." F.R.E. § 106, Advisory Committee Notes. It also

exists because of "the inadequacy of repair work when delayed to a point later in the trial." *Id.* Here, the additional proposed selections are both "explanatory" and "relevant to the admitted passages." *Kopp*, 562 F.3d at 144.

Most respectfully,

/S/

Robert Caliendo, Esq.
Sercarz & Riopelle, LLP
810 Seventh Avenue, Suite 620
New York, NY 10019
(212) 586-4900
rcaliendo@sercarzandriopelle.com

cc:    All Parties (by ECF)