# SERCARZ & RIOPELLE, LLP

810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019
(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

ROBERT CALIENDO
GIULIANA E. GRAHAM

*ADMITTED IN NY & NJ

September 13, 2017

*BY ECF*

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *United States v. Darcy Wedd, et al., 15 Cr 616 (S-3)(KBF)*

Your Honor:

I write with regard to two issues that were left open in the immediate aftermath of the jury deadlock reported on September 5, 2017.

## My Availability For Trial On January 22, 2018

During the proceedings of September 5, 2017, the Government announced its preference to try Mr. Wedd, together with those two co-defendants who are scheduled for trial on January 22, 2018. I indicated that, while I had no conflicting engagements on that date, Robert Caliendo, was scheduled to try a case with my partner. (Tr2-2925, 2927). [1]

In the interim, I have spoken to my partner, Roland G. Riopelle regarding the scheduled trial of United States v. DiScala, et. al.(Kyleen Cane), 14 Cr. 399 (E.D.N.Y.)(ENV). This multi-defendant trial is scheduled to take between four to six weeks, depending upon the number of defendants who actually proceed to trial. The case is scheduled to proceed to trial on January 22, 2018.

---

[1]  Citations in the form (Tr2- ) refer to the transcripts of the second trial.

Mr. Caliendo is indispensable to Mr. Wedd's defense.  He took the lead role in dealing with all motions that arose during the previous two trials.  He cross examined the victim-witnesses.  And, he played an important role in mapping strategy throughout the trial.

At a retrial, Mr. Caliendo will also assist me in the presentation of exhibits.  We cannot count on having the kind of technical help that was available to the defendants during the first two trials.

Accordingly, it is appropriate for us to indicate that we have a conflicting engagement that will bar us from retrying the case beginning on January 22, 2018.

## Our Preference For Retrial Before Another Judge

At the last appearance, the Court made the following comments regarding the prospect of a third trial:

> I would ask that if at this point, given the fact that the Court has tried this case now twice, I would try the case a third time. However it may be that you would benefit – if either side believes that you would benefit from a different judge, and it may be that it would be the right thing to do in any event to put you in the wheel and wheel you out.  I would not place you with a judge.  I would put you in the wheel because that would I think be the right way to do it.  I don't think that anybody should be – I think that would be the right way to do it.

> I will also consult with my colleagues.  Trying a case once is done, trying a case three times no so much, mostly because, frankly, people get bored of sitting through the trial so many times.  I also think in this case the government may not have agreed with many of my rulings on allowing in certain things, nor might the defendant.  And so you may want to try your opportunity to raise things in front of another judge.  Let's all just put a pin in that, and you can figure it out.  I will consult, as I said, with others as well.

(Tr2-2926).

There is substantial support for the idea of reassigning a case in the context of a retrial following appellate reversal, where many of the same considerations are in play.  See United States v. Robin, 533 F2d, 8, fn.1 (2d Cir. 19877).  In the Eastern District of New York, such retrials are automatically assigned to a different judge.  In the District of Connecticut, the practice is, also, to reassign such retrials to a different judge.  And, in the Southern District of New York, although there is no formal rule on the subject, the judge before whom the case was

first tried is by custom given the option of requesting the assignment committee to reassign the case to another judge for retrial. Ibid.

There is no reason to believe that the reassignment of this case will result in waste and duplication of resources. Moreover, this Court will be free to make necessary factual determinations in connection with Mr. Thompson's sentence, without concern that they may reflect upon the Court's view of Mr. Wedd's alleged involvement.[2]

**Conclusion**

For the reasons set forth here, we respectfully request that this case be put back in the wheel and that Mr. Wedd's retrial be postponed until the completion of United States v. DiScala.

Most respectfully,

/s/

Maurice H. Sercarz

cc:     All Parties (by ECF)

_Ordered_

It may be premature to how to consider this issue. (The transfer issue). Does the Government have a view ? on that issue and the trial date?

KB. For
WDS
9/15/17

---

[2] Finally, you will be spared the uninviting prospect of sitting through another opening statement, another series of cross examinations; and, another summation, by yours truly.

3