UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA            :
                                                S3 15 Cr. 616 (KBF)
            -v.-                    :

DARCY WEDD,                         :

            Defendant.             :

- - - - - - - - - - - - - - - - - -X

THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

        The Government respectfully requests that the Court
include the following in its examination of prospective jurors
pursuant to Rule 24(a) of the Federal Rules of Criminal
Procedure.  Defendant Darcy Wedd has no objection to the
Government's proposals.

        The Court is requested to pursue more detailed
questioning if a particular juror's answer reveals that further
inquiry is appropriate and, in such an instance, to conclude
with an inquiry whether the particular fact or circumstance
would influence the juror in favor of or against either the
Government or the defendant, or otherwise affect the juror's
ability to serve as a fair and impartial juror in this case.

I.   General Statement of the Case

        This is a criminal case.  The defendant, DARCY WEDD,
has been charged with committing federal crimes.  These charges
are contained in a Superseding Indictment which was voted by a

1

Grand Jury.  The Superseding Indictment is not evidence itself, but contains charges which the Government is required to prove beyond a reasonable doubt.  More specifically, the charges in the Indictment are:

Counts One and Five charge that defendant Wedd conspired or agreed with at least one other person to commit wire fraud through a scheme to defraud cell phone customers by placing unauthorized charges for premium text messaging services on the consumers' cell phone bills through a practice known as auto-subscribing.  Count One charges that defendant Wedd did so through a digital content provider known as Tatto, and Count Five charges that defendant Wedd did so through digital content providers known as CF Enterprises Limited and DigiMobi Limited.

Counts Two and Six charge defendant Wedd with committing wire fraud in connection with the auto-subscribing schemes charged as conspiracies in Count One and Five.

Counts Three and Seven charge defendant Wedd with committing aggravated identity theft by using the telephone numbers of consumers without authorization as part of the auto-subscribing schemes referenced in Counts One and Five.

Counts Four and Eight charge defendant Wedd with having conspired or agreed with at least one other person to launder money.

We are about to select from among you the jurors who

2

will sit in this case.  Both sides are entitled to know something about the people who sit as jurors.  The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial.  For this reason, I am going to ask you certain questions.  They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

## II. The Parties, Witnesses, and Locations

1.   Does any juror know or has any juror had any dealings, directly, or indirectly, with the defendant, DARCY WEDD, or his attorneys, Maurice Sercarz and Robert Caliendo? (It is respectfully suggested that the Court have each individual stand up as they are called.)

2.   The United States Government is represented in this case, as in all cases brought in this District, by the Acting United States Attorney for this District, who is Joon H. Kim.  The conduct of this trial will be handled by AUSAs Sarah Paul, Richard Cooper, and Jennifer Beidel, as well as Special Agents Quoc Tuan Nguyen of the Internal Revenue Service, Criminal Investigation ("IRS-CI") and Nicholas Anderson of the Federal Bureau of Investigation ("FBI") and paralegal Jake Sidransky. (It is respectfully suggested that the Court have each individual stand up as they are called.)  Does any juror

3

know, or has any juror had any dealings, directly or indirectly,
with any of these people or with any other member of the staff
of the United States Attorney's Office for the Southern District
of New York?  Does any juror know, or has any juror had any
dealings, directly or indirectly, with any other member of the
staff of the IRS-CI or the FBI?

       3.   During the trial, you may hear from or hear
evidence about the following people and companies:

**Individuals**

| | |
|---|---|
| Francis Assifuah, a/k/a | Yongchao Liu, a/k/a Kevin Liu |
| Francis Assif | Susan Marion |
| Andrew Bachman | Daniel Machock |
| Gloria Bermudez | Karen Matos |
| Michael Bermudez | Paul Mercandante |
| Lee Brown | Lin Miao |
| Lucas Brown | Michael Migliero |
| Melanie Camp | Jonathan Murad |
| Shawn Collopy | Paul Nisson |
| Howard Dee | Mark Oullette |
| Richard Doll | Chris Pacchus |
| Amy Dudman | Geraldine Palmers |
| Sam Elaribi | Michael Pajaczkowski |
| Erdolo Eromo | Anna Patalano |
| Jason Fouks | Michael Pearse |
| Roy Furman | Michael Profit |
| Anthony Giattino | Daryl Quan |
| Christopher Goff | Randy Randelman |
| Ryann Goff | Tanya Richardson |
| Alykhan Govani | Alan Sege |
| Steven Huszar | Steve Taylor |
| Michael Iacorino | Jason Theofilos |
| Shane Ivy | Fraser Thompson |
| Wendy Jagger | Eugeni Tsventnenko, a/k/a |
| Makonen Kebede | Zhenya |
| Amy Kono | Eduardo Vivas |
| Jason Lee | Jennifer Waddell |
| Daphne Lewis | Kris Wetterings |
| | Vianney Willot |

**Companies**

| | |
|---|---|
| 5 Tool Services LLC | MDK Media LLC |
| Advent Consulting | Mindkontrol |
| Anacapa Media | Mobile Messenger |
| Bear Communications | Mojiva Media LLC |
| Bleam Technology Ventures | MMJX Consulting |
| Bullroarer | MPIRE Media |
| CF Enterprises | M-Qube |
| Concise Consulting | Ocean Tactics LLC |
| DigiMobi | OpenMarket |
| Erdi Development | Phwoar LLC |
| J3X Solutions LLC | Tatto Media |
| MBlox | Tendenci Media LLC |

Do any of you know any of the people or companies I have just named?

4.    Has any juror through some experience or in any other way developed a bias or strong feeling for or against the United States Government, the Department of Justice, the United States Attorney's Office, the IRS-CI, the FBI, or any federal, state or local law enforcement agency?  Has any juror through some experience or in any other way developed a bias or strong feeling for or against counsel for the defendants, or criminal defense attorneys in general?

5.    This case involves allegations of mail and wire fraud conspiracy, wire fraud, and money laundering conspiracy. Is there anything about this type of case that would make you hesitate to sit on a jury?

III.   Individual Questions For Each Juror

6.    Is any member of your family or any close friend employed by any law enforcement agency?  If so, what agency? Do

you and that family member/friend ever discuss their work? Would your dealings with this person prevent you from rendering a fair and impartial verdict here?

      7.   Have you ever served as a trial juror or a grand juror in either the state or federal courts?

      (a) If so, when and in what court did you serve?

      (b) If you served as a trial juror was it in a civil or criminal case?

      (c) Without telling us what the verdict was, did you reach a verdict?

      8.   Have you or has a relative or close friend ever been involved or appeared as a witness at trial, or before the grand jury, or before a legislative committee, licensing authority, or governmental agency?

      (a)  If so, would anything about your or their experience prevent you from being fair and impartial in this case?

      9.   Have you or has a relative or close friend ever been charged with or convicted of a crime or been the subject of any investigation by a federal or state law enforcement agency or while in the military?  If so, would you briefly state the circumstances of such charge, investigation or accusation?  (It is respectfully suggested that jurors be allowed to discuss this matter with the Court and counsel at sidebar, if they prefer.)

10.  Have you or any members of your family or any
close friends, to the best of your knowledge, had any
experiences with the IRS-CI, the FBI, or any agency of the
United States Government that would or could prejudice you for
or against the Government?

11.  Under our system the facts are the province of
the jury and the law the province of the Court.  These two
provinces are separate and distinct and just as I may not
encroach upon your province, you may not encroach upon mine.  In
other words, when I give you the law at the close of this trial
you are required to accept the law as stated.  With this in
mind, is there any juror who feels that for any reason he or she
is not either willing or able to apply the law as stated by the
Court?

12.  Will each juror accept the proposition of law
that, in the event of a guilty verdict on any charge, the
question of punishment is for the Court alone to decide, and
that possible punishment must not enter into the deliberations
of the juror as to guilt or innocence of the defendant?

13.  Will each juror accept the proposition of law
that sympathy must not enter into the deliberations of the juror
as to guilt or innocence of the defendant, and that only the
evidence produced here in Court, or the lack of evidence, may be

used by you to determine the guilt or innocence of the defendant?

14.   Please provide the following background information:

(a)  What is the county and general section or community of your residence?

(b)  What is the length of your residence at your present address?  (If less than five years, please inquire as to prior residence).  Do you live alone or with somebody?  Who?

(c)  Do you have any children?  If so, what are their ages and what do they do?

(d)  What is your present occupation, and how long have you been employed in your current employment?  (If present employment is for less than five years, please inquire as to prior employment.  If retired, please inquire as to former occupation).

(e) (If married or living with someone) What is your spouse's (or partner's) profession, business or occupation? (If spouse or partner is retired, please inquire as to occupation before retirement).

(f) What are your hobbies?

(g)  Where do you get your news?

(h)  Are you a member of any clubs or organizations? (If yes, please inquire what clubs or organizations).

15.  Is any juror aware of any reason other than those that I have previously raised which leads you to believe that you cannot render a fair and impartial verdict here, without sympathy or prejudice?

Dated:    New York, New York
          November 10, 2017

                          Respectfully submitted,

                          JOON H. KIM
                          Acting United States Attorney for the
                          Southern District of New York
                          Attorney for the United States of
                          America

                    By:    /s/ Jennifer L. Beidel
                          Sarah E. Paul
                          Richard A. Cooper
                          Jennifer L. Beidel
                          Assistant United States Attorneys
                          (212) 637-2326/1027/2212