# SERCARZ & RIOPELLE, LLP

810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019
(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

ROBERT CALIENDO
GIULIANA E. GRAHAM

*ADMITTED IN NY & NJ

December 1, 2017

**BY ECF**

Hon. Katherine B. Forrest, U.S.D.J.
Southern District of New York
500 Pearl Street
New York, NY 10007

    **Re: U.S. v. Darcy Wedd, 15 CR 616 (KBF)**

Your Honor:

  Counsel for Wedd respectfully lodges the following evidentiary objections:

<u>Evidence Concerning Fraser Thompson</u>

  The following exhibits were offered at the last trial against Thompson. Because Thompson is no longer on trial, these exhibits will "unfair[ly] prejudice" Wedd, "confus[e] the issues," and "wast[e] time." F.R.E. 403. GX 101 is an email from Marc Ouellette to Thompson, where Ouellette claims he was "double opted in to SC 71535 yesterday with zero interaction on my end." Wedd was not copied on the email. This exhibit contains hearsay, and has no probative value as to Wedd. GX 801-818 are emails referencing invoices from Thompson's Ocean Tactics company. They arguably reveal Thompson's state of mind, but have no probative value as to Wedd. GX 853 is an email between Eromo and Thompson. It is hearsay and has no probative value as to Wedd. GX 857 is a reminder from Eromo to talk to Thompson about CF. It is hearsay and has no probative value as to Wedd. GX 1106 is Eromo's calendar event for a meeting with Thompson in Santa Monica. It is hearsay and has no probative value as to Wedd. GX 1111 is an email where Eromo and Thompson plan a breakfast in Malibu. It is hearsay and has no probative value as to Wedd.

<u>Evidence Concerning Uncharged Acts</u>

  Over objection, Paj was previously permitted to testify about uncharged instances of unauthorized billing, and that Zhenya was a bad actor. *See,* ECF No. 567 at 7. To that end, the following exhibits should all be precluded because they have limited probative value and enormous potential for prejudice. Wedd objects to GX 148 (Zhenya's 2009 UK unauthorized

billing), GX 149 (Zhenya's 2010 Canada unauthorized billing), and GX 176 (7/21/11 Jason Kerr incident). These incidents are outside the scope of the charged conspiracy, irrelevant, and unduly prejudicial. They will confuse and mislead the jury. For example, the government offers these exhibits to show the jury that 1), Zhenya had a propensity to auto-subscribe, 2) Wedd knew about it, and 3) Wedd was nevertheless willing to allow him onto the aggregation platform where auto-subscribing was possible. That will prompt cross-examination regarding each incident to demonstrate that the episodes did not clearly involve auto-subscription. The will devolve into a 'trial-within-a-trial'. And the jury is likely to infer from these instances that Wedd possessed the requisite intent to auto-subscribe even though he is not charged with any of this conduct.

Wedd objects to GX 202, 202A, and 202B. These exhibits relate to the Washington Attorney General action. Evidence of the Washington AG matter is irrelevant, lacking probative value. *See,* ECF No. 574 at 2-3. These exhibits will confuse and mislead the jury, especially the copy of the Consent Decree. GX 202A.

<u>Evidence Concerning Alleged Victims</u>

Wedd objects to GX 155 (Erica Fritts customer complaint), GX 156 (Burdoc Nisson customer complaint), GX 948 (Ali Ozer customer complaint), and GX 901 (Wendy Jagger customer complaint). These individuals are not set to testify at this trial. There is no evidence that Wedd was aware of these complaints. These hearsay exhibits have no probative value as to Wedd. They also contain improper prejudicial language. GX 155 ("I am currently unemployed and cannot afford to put more money on phone to stay in contact with people"); GX 948 ("this is illegal … this is invading my privacy").

Wedd objects to GX 909 and 912 – hearsay customer complaints. F.R.E. 801. If admitted over objection, as recorded recollections, the evidence should be limited only to the portions that "the witness once knew about but now cannot recall" – rather than the entire document. F.R.E. 803(5)(A). If admitted as recorded recollections, "the record may be read into evidence but may [not] be received as an exhibit." F.R.E. 803(5). Nor should these exhibits be admitted under F.R.E. 807 because they don't speak to "material fact[s]." Moreover, the exhibits are not "more probative on the point for which it is offered than any other evidence that the proponent can obtain." *Id.* For example, some complaints contain the pertinent short code that a witness cannot remember. But that information is already on the telephone bills which will be admitted into evidence. The complaints also contain improper, prejudicial comments and speculative conclusions. GX 909 ("some kind of fishing text message ... I was charge for this crap ... The web site clearly look like a scam … It is a pretty smart scam"); GX 912 ("they were trespassing (my phone is private property), and that they were invading my privacy ... This is a scam and the perpetrators should be prosecuted").

Wedd objects to GX 905, 911, 913-942, 947, 949 – hearsay evidence of cellphone bills for non-testifying customers.

2

Wedd objects to any testimony, exhibits, or evidence pertaining to Jennifer Waddell or Richard Doll. GX 905, 912, 944. These individuals were billed on short codes 23918 and 94408, by content provider Shaboom Media, which did *not* use Mobile Messenger as an aggregator. *See,* GX 999. The indictment does not allege, nor does the evidence suggest, that Wedd conspired with Shaboom Media or outside aggregators.

The word "victim" should be excised from GX 999.

<u>Evidence Concerning Jon Murad</u>

Wedd objects to GX 528 and 528A – some 500 pages of Murad's bank records – as irrelevant, lacking probative value.

The Court should preclude the offending evidence.

        Most respectfully,

        /S/

        Robert Caliendo, Esq.
        Sercarz & Riopelle, LLP
        810 Seventh Avenue, Suite 620
        New York, NY 10019
        212 586 4900
        rcaliendo@sercarzandriopelle.com